**In the Matter of Anna E. FULKERSON, Petitioner.**

**No. 02S00–0901–DI–9.**

Supreme Court of Indiana.

Aug. 24, 2011.

*PUBLISHED ORDER GRANTING
CONDITIONAL REINSTATEMENT*

By order dated September 14, 2009, this Court suspended Petitioner for not less than one year without automatic reinstatement. Petitioner filed a petition for reinstatement on October 13, 2010. On July 8, 2011, the Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner be reinstated to the practice of law in Indiana conditioned on certain terms of probation, described below.

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his or her privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken the Multistate Professional Responsibility Examination (MPRE) within six (6) months before or after the date the petition for reinstatement is filed and passed with a scaled score of eighty (80) or above.

Admis. Disc. R. 23(4)(b).

The Commission approved the hearing officer's findings that Petitioner had met her burden of proof on each of the above factors. The Commission also approved the hearing officer's recommendation that Petitioner's reinstatement be conditioned on her entering into a monitoring agreement with the Judges and Lawyers Assistance Program ("JLAP") under terms JLAP believes are appropriate, including at least periodic testing and a monitor required to report any relapse of alcohol or substance abuse to the Commission. The evidence shows that Petitioner has maintained full compliance with her current JLAP monitoring agreement.

This Court, being duly advised, finds that the recommendation of the Disciplinary Commission should be accepted and that, accordingly, Petitioner should be reinstated as a member of the Indiana bar subject to the following conditions:

(1) The reinstatement shall be subject to successful completion of probation of at least two years on terms to be determined by JLAP, consistent with the hearing officer's recommendations.

(2) Petitioner shall have no violations of the terms set by JLAP, the law, or

the Rules of Professional Conduct during his probation.

(3) If Petitioner violates her probation, the Commission may petition the Court to revoke her probation and to re-impose her suspension without automatic reinstatement.

Petitioner's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

IT IS, THEREFORE, ORDERED that Petitioner's petition for reinstatement is granted and that Petitioner is conditionally reinstated as a member of the Indiana bar subject to the terms and conditions of probation stated above.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.